GEO. C. WIMBERLY ET AL. v. J. BAILEY ET AL.

(Case No. 1307.)

1. INDEPENDENT EXECUTRIX.— A widow, as executrix under the will of her husband,
 was authorized by its terms to sell any part of the estate left by him, all of which
 was community property, as she might deem best for the family, and to manage
 the estate without the control of the probate court.   It contained the following

provision: "Item third. I give and bequeath to my beloved wife, . . . . pro-
vided she does survive me, all my property, both real and personal and mixed,
during her natural life, with full power to sell or convey any or all of said prop-
erty, if she thinks best, for the interest of the family; and after her death, it is
my will and desire that my property be equally divided, after setting aside a suffi-
cient amount to the two youngest, John and Laura, to educate them even with
the rest of my then older children; provided they should not receive such education
before my death." *Held,*

(1) The widow had power to set apart, during her life, to either of the heirs, his
share of the estate of the father, as well as to make an advancement to him which
would preclude him, or any one claiming under him, from recovering any part of
the estate of either the father or herself.

(2) Such share could be set aside either in property or in money equal to the
value of the share.

(3) Such settlement would be binding on creditors having notice of the heir
thus settled with.

(4) An occupancy and claim of the estate by the widow, adverse to the claim
asserted by the heir thus settled with, constituted notice to the creditors of the
heir of his transfer of all interest in the estate, whether the same was recorded
or not.

APPEAL from Smith. Tried below before the Hon. John C. Rob-
ertson.

Suit brought by appellants against appellees to recover an un-
divided one-fifth interest in one thousand acres of land, alleged to be
the interest to which W. D. Bailey was entitled as an heir at law of
W. S. Bailey and his wife, upon the death of Mrs. W. S. Bailey.
To this appellees pleaded not guilty, and specially pleaded that Mrs.
W. S. Bailey had, in the year 1871, 1872 or 1873, purchased the in-
terest of W. D. Bailey in the estate; that Mrs. W. S. Bailey had
advanced large sums to W. D. Bailey, and that W. D. Bailey really
owned no interest in the land. To these pleas appellants replied,
alleging that they were purchasers of the land at sheriff's sale with-
out notice of any outstanding title or secret trust, and that no deed
was upon record showing a transfer by W. D. Bailey of his interest
in the estate, and that they had no notice or knowledge of any such
transfer or secret trust.

W. S. Bailey died in 1867, and left surviving him his wife, Mrs.
C. Bailey, and five children, to wit, W. D. Bailey, John Bailey, Mrs.
Braziel, Mrs. Watkins and Mrs. Swann. He left all his property,
both real and personal, devised by " will," to his wife in these words:
"Item third. I give and bequeath to my beloved wife, Christiana
Bailey, provided she does survive me, all my property, both real and
personal and mixed, during her natural life, with full power to sell
or convey any or all of said property, if she thinks best, for the in-
terest of the family; and after her death it is my will and desire that

my property be equally divided, after setting apart a sufficient amount to the two youngest, John and Laura, to educate them even with the rest of my then older children, provided they should not receive such education before my death." The will of W. S. Bailey was probated on June 24, 1867, and Mrs. C. Bailey appointed executrix on June 26, 1867. Mrs. C. Bailey held the entire property up to May 24, 1880, when she died.

George C. Wimberly, surviving partner of Yarbrough & Wimberly, recovered a judgment on July 19, 1876, in the county court of Smith county against W. D. Bailey for $322.65 with costs. Execution issued July 29, 1876. George C. Wimberly, surviving partner, caused an abstract of that judgment to be recorded on the 29th day of May, 1880. On the 21st day of August, 1880, the sheriff, by virtue of an *alias* execution issued upon the judgment in favor of Wimberly, surviving partner, etc., against W. D. Bailey, levied upon the land in controversy as the property of W. D. Bailey. And by virtue of a *venditioni exponas* issued on the 10th day of December, 1880, on first Tuesday in January, 1881, sold the interest of W. D. Bailey in said land.

Geo. C. Wimberly, witness for plaintiffs, testified that he had no knowledge or notice of any transfer at the time he caused the property to be levied upon; nor had he any knowledge whatever of Mrs. C. Bailey ever having made any advancements to W. D. Bailey, the defendant in execution, till long subsequent to the death of Mrs. C. Bailey on May 24, 1880, nor till long after he had recorded an abstract of his judgment in the county clerk's office of Smith county.

Mrs. C. Bailey paid W. D. Bailey in 1871, 1872 or 1873, $800. The payment was intended by all the parties, and was so understood between Mrs. C. Bailey and W. D. Bailey at the time, to be a full advancement made to him in anticipation, payment and satisfaction of all his interest in the estates of Mrs. C. Bailey and of W. S. Bailey then (in 1872) existing, or that might exist at his mother's death. It was understood and agreed between W. D. Bailey and Mrs. C. Bailey at the time, to debar him of all right of inheritance from his mother, Mrs. C. Bailey, at her death in her estate and his father's. Neither the defendants or Mrs. Swann and Watkins ever received any property from the estate of W. S. or Mrs. C. Bailey prior to Mrs. Bailey's death, and $800 was a sum equal to the reasonable value of W. D. Bailey's interest in both W. S. and C. Bailey's estate; it was so understood, and agreed upon, and was equal to one-fifth of the whole estate at Mrs. C. Bailey's death. Mrs. Swann and Watkins were in possession of the land at the trial, and

it had been held by Mrs. Bailey and them from the date of the father's death.

*Reaves & Dodd*, for appellants.

I. The estate of Mrs. C. Bailey in the property in controversy was a life estate, with the remainder in the children of W. S. Bailey, her deceased husband. Minor's Institutes, vol. 2, 331; 10 Tex., 571.

II. The interest of a remainderman in real estate is a legal estate, as contradistinguished from an equitable estate, and must be conveyed as other real estate under our law. R. S., art. 4334; 10 Tex., 571.

III. Upon the death of W. S. Bailey, and Mrs. C. Bailey's acceptance and qualification as executrix, a life estate in the property in controversy vested in her, and that upon her death the legal estate absolutely became vested in the five heirs, and was subject to be voluntarily alienated, and was the subject of seizure and sale as the property of the heirs.

IV. The legal estate to the land in controversy was vested in Mrs. C. Bailey for and during her natural life, and that her possession of the land during her life was not such possession as was inconsistent with the interest of W. D. Bailey, one of the remaindermen. R. S., art. 4334; 45 Tex., 522; 22 Mo., 415; 8 Greenl., 94; 16 N. H., 385.

V. Appellants' fifth proposition under first error is, that the possession of the land in controversy by the four brothers and sisters of W. D. Bailey, four of the five heirs or remaindermen, for four days next subsequent to the death of Mrs. C. Bailey, who held the life estate, was not such possession as would put purchasers from W. D. Bailey, one of the heirs or remaindermen, upon inquiry, or notice that the same was adverse to W. D. Bailey, nor was such possession inconsistent with W. D. Bailey's right of inheritance.

STAYTON, ASSOCIATE JUSTICE.— In the disposition of this cause it will not be necessary to consider the assignments of error in detail, for the questions involved may be reduced to two propositions:

1st. Regarding the property in controversy as of the community estate of W. S. Bailey and his wife, Mrs. C. Bailey, was she in such attitude, in reference to the estate under the will, as to authorize her to set apart to W. D. Bailey, during her life, his share of the estate of his father, as well as to make an advancement to him, which would preclude him or any one claiming under him from

claiming, as against the other children, any part of either the estate of the father or herself?

We are of the opinion that this proposition must be answered in the affirmative. In so far as the right of Mrs. Bailey to make an advancement to her son out of her own estate is concerned, sufficient to bar his right after her death, as against the other children, cannot be questioned.

The provisions of the will of W. S. Bailey, by which his entire estate was given to his wife during her life, with remainder to the children in equal shares, was for her benefit, and imposed upon her no restraint upon her power to distribute the estate among the children during her life. Having such power, no good reason is perceived why she might not during her life set apart to one or more of the children, in money or property, a sum equal to the share to which such child or children would be entitled under the will of the father and the statutes of descent and distribution in both estates.

The evidence clearly shows that Mrs. Bailey did pay to W. D. Bailey during her life, a sum equal to what would have been his full distributive share in the estates of both parents, and this under an express agreement that it should be and was received by him in full of whatever claim he might have in both estates.

This adjustment could not have been disregarded by W. D. Bailey, and a claim by him have been asserted against the other heirs for a further share of either estate. One claiming through W. D. Bailey, with notice that he had received his full share of the estates, would occupy no more favorable attitude than himself.

The evidence, however, shows that Mrs. Bailey was in the actual possession of the land in controversy until her death, claiming adversely to W. D. Bailey, and that immediately upon her death the other children took possession of the property in their own right, and this before the registration of the judgment through which the appellants claim. This, under the repeated decisions of this court, must be held to have given notice to the appellants. Watkins v. Edwards, 23 Tex., 448; Hawley v. Bullock, 29 Tex., 223; Mullins v. Wimberly, 50 Tex., 466; Manwairing v. Templeman, 51 Tex., 212.

Under the will of her husband, Mrs. Bailey was given full power to manage or sell any part of the estate which her husband left, as she might deem best for the family, and was authorized to manage the estate without the control of the probate court. It is not shown that Mrs. Bailey had any separate estate, and a fair inference from the record is, that the money paid to W. D. Bailey was regarded as a part of the property in which all had an interest.

It is admitted to have been proved "that the payment of $800 to W. D. Bailey by Mrs. C. Bailey was intended by all the parties to the transaction, and was so understood by and between Mrs. C. Bailey and W. D. Bailey at the time, to be a full advancement made to him in anticipation, payment and satisfaction of all his interest in the estates of Mrs. C. Bailey and W. S. Bailey then existing, or that might exist at his mother's death." The record shows that none of the other children, four in number, had ever received anything from the estates of their father or mother.

2d. It is claimed that the failure of Mrs. Bailey to put upon record the relinquishment made by W. D. Bailey to her of all interest which he might have in the estates of both parents, under the registration laws renders that relinquishment void as to the appellants, who claim to have acquired a lien upon the interest of W. D. Bailey in the estates of his parents, by the registration of their judgment after the death of Mrs. Bailey. That instrument is not contained in the record, but were it a deed absolute in its terms, conveying to his mother all his interest in his father's estate, it would not alter the rights of the parties; for under the line of decisions in this state, some of which are above cited, it must be held that the possession of Mrs. Bailey for nearly ten years, under claim adverse to W. D. Bailey, coupled with similar claim and possession by the other heirs from the time of her death, is as effective as notice to the appellants as though that instrument had been duly registered.

An instrument which the law permits to be registered is declared to be, if unregistered, void as to creditors and subsequent *bona fide* purchasers *without notice.* But can he that fails to make inquiry as to the extent of the right of a person in possession of land which he desires to buy, or upon which he seeks to attach a lien, be *without notice ?*

This court has said not, and this rule is now too firmly fixed in this state to be changed, were there a desire to do so. Such an instrument, in so far as the estate of Mrs. Bailey is concerned, could have no effect other than as evidence of the advancement made by the mother to the son; simply a receipt, conveying no title whatever; for until the mother's death the son could have no title to any part of her estate. An instrument having no other effect would not be subject to the registration laws.

There being no error in the judgment, it is affirmed.

AFFIRMED.

[Opinion delivered December 19, 1882.]

Associate Justice BONNER did not sit in this case.