### BLOUNT, PRICE & CO. v. PAYNE.

(No. 103.)

(Court of Civil Appeals of Texas. Beaumont. May 22, 1916.)

**1. CHATTEL MORTGAGES ⊚⟹277—FORECLOSURE — PLEADING — ANTICIPATING DEFENSES — NECESSITY.**

Where the petition sufficiently alleged execution and delivery of note and mortgage, maturity of the note, existence of the mortgage lien, refusal to pay, and a mutual mistake in execution of mortgage, and that the defendant unlawfully withheld possession of the property, it was sufficient, and the pleader need not allege and anticipate any defensive matters, since it

was incumbent upon the defendant to plead and prove them.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 564–566; Dec. Dig. ⊚⟹277.]

**2. CHATTEL MORTGAGES ⊚⟹277 — REFORMATION OF INSTRUMENTS ⊚⟹36(1)—FORECLOSURE—RECORDATION—VALIDITY AS BETWEEN ORIGINAL PARTIES.**

In an action to reform and foreclose a chattel mortgage, it is not necessary for the petition to allege that it was registered; for as between the parties it was a valid and binding obligation without registration.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 564–566; Dec. Dig. ⊚⟹277; Reformation of Instruments, Cent. Dig. §§ 141, 143, 146; Dec. Dig. ⊚⟹36(1).]

**3. REFORMATION OF INSTRUMENTS ⊚⟹28 — GROUNDS — MUTUAL MISTAKE — RIGHTS OF THIRD PERSONS.**

Equity will reform a chattel mortgage in case of mutual mistake between the parties so as to make it express the true intent, and third parties cannot complain of the reformation unless they plead and prove that they are subsequent lienholders or purchasers in good faith.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 101–111, 114–116; Dec. Dig. ⊚⟹28.]

**4. CHATTEL MORTGAGES ⊚⟹173(3) — POSSESSION OF PROPERTY—PLEADING—SUFFICIENCY.**

A petition alleging that defendant wrongfully withheld possession of mules which were the subject of the chattel mortgage given by another defendant, which failed to express the mutual intent of the parties, is sufficient as against general demurrer interposed by the defendant in possession.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 307, 309, 323; Dec. Dig. ⊚⟹173(3).]

**5. APPEAL AND ERROR ⊚⟹742(4)—SCOPE OF REVIEW—ASSIGNMENTS OF ERROR—IRRELEVANT PROPOSITIONS.**

A proposition on the admission of evidence under an assignment of error to the sufficiency of the petition is in violation of the rule as not germane to the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⊚⟹742(4).]

**6. APPEAL AND ERROR ⊚⟹1170(3)—REVERSAL —HARMLESS ERROR.**

Under rule 62a (149 S. W. x) nonprejudicial error in overruling a demurrer is not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4066, 4075, 4098, 4101, 4542; Dec. Dig. ⊚⟹1170(3).]

Appeal from San Augustine County Court; T. H. Downs, Judge.

Action by J. O. Payne against John McCoy, Blount, Price & Co., and Lamar Blount. Blount disclaimed, and the suit was dismissed as to him. Judgment for plaintiff, and Blount, Price & Co. appeals. Affirmed.

W. J. Garrett, Jr., and Davis & Ramsey, all of San Augustine, for appellant. Wm. McDonald and Foster & Davis, all of San Augustine, for appellee.

CONLEY, C. J. This was a suit by J. O. Payne, instituted in the county court of San Augustine county on the 30th of March, 1915, to recover of Joe McCoy an amount due on a

promissory note, amounting to the sum of $605.70, and foreclosure of a chattel mortgage executed by Joe McCoy on the same date to better secure the payment of said note. The chattel mortgage covered two mules. The petition is in the usual form declaring on a promissory note, and a foreclosure of the mortgage lien, and in addition thereto, in paragraph sixth, contains the following allegation:

"Plaintiff further represents that, while said mortgage on its face shows the First National Bank of San Augustine, Texas, to be the payee in said note and the grantee in said mortgage, yet in truth and in fact said bank is not the payee of said note nor the grantee in said mortgage, nor was it in any manner a party to the transaction, nor had it any interest in the same, but whatever interest in or relationship to the transaction that said bank apparently had with said paper, in truth and in fact appear by reason of a mutual mistake, accident, oversight, and inadvertence on the part of the parties to the transaction at the time of the execution of the written evidence of said agreement in this: That at the time of the execution and delivery of said note and mortgage and the agreement to reduce the evidence of the contract then made to writing, a blank form of mortgage of said First National Bank of San Augustine was used for said purpose, with the mutual intent and agreement of the parties and the defendant Joe McCoy to erase the name of said bank from said mortgage form and to insert in lieu thereof the name of the plaintiff, J. O. Payne, and to erase the name of said bank wherever it occurred in said blank form, and to insert in lieu thereof the name of the plaintiff herein, and that by mutual mistake, oversight, and inadvertence and accident of the parties to the transaction the name of the bank was not erased, nor was the name of the plaintiff, J. O. Payne, inserted in the body of said instrument, as per the agreement of the parties."

Paragraph 7 contained the following allegation:

"Plaintiff further says that the defendant Lamar Blount, either for himself or as agent of the defendant Blount, Price & Co., and the defendant Blount, Price & Co., are now in the possession of the above-described property, and are unlawfully withholding the same from this plaintiff, and are setting up some character of claim thereto, and they are made parties hereto for the purpose of determining whatever rights they may have in said property, and of obtaining any relief against them that the proof should show plaintiff entitled to by reason of the premises, and said property is now situated in San Augustine county."

The plaintiff closed with a prayer for judgment for the principal, interest, and attorneys' fees on the debt, a foreclosure of the mortgage lien upon the property, and for any and all orders necessary to enable plaintiff to subject said property to the payment of the debt, and for general and special relief in law and equity.

Defendant filed a general denial, and denied specifically all the allegations in plaintiff's petition and in the supplemental petitions, denied that Joe McCoy had executed any mortgage to J. O. Payne, that, if Joe McCoy had ever executed any mortgage on the mules, the mortgage executed by him was to the First National Bank, and not to J. O. Payne, that said Joe McCoy was not indebted to the said bank, and further answered that said Joe McCoy had on the 25th of January, 1913, executed a mortgage to it covering the two mules in question to secure certain indebtedness due it by the said Joe McCoy, that the mortgage had been duly filed, and that it had no actual or constructive notice that said Joe McCoy had executed a mortgage previous to the one given it, and further answered that after its debt against Joe McCoy became due it filed suit in the justice court of San Augustine county against Joe McCoy, and thereafter secured a judgment for its debt, with a foreclosure of the mortgage lien, and at execution sale purchased the said mules, paying therefor a fair price, that the mortgage of the plaintiff is not and could not be a mortgage to the plaintiff, as it shows conclusively to be a mortgage to the First National Bank of San Augustine, and that therefore the registration of the mortgage was not notice in law of the fact that the plaintiff had a mortgage upon the property described, and that the defendant, being a bona fide creditor against said McCoy, was entitled to preference over the mortgage of the plaintiff, and that the defendant was in no way chargeable with notice of the mistake alleged to have been committed between the parties to that transaction.

Lamar Blount disclaimed, and was dismissed from the suit with his costs. The general demurrer of the defendant Blount, Price & Co. to plaintiff's petition was overruled, and a trial of the issues presented by the pleadings resulted in a verdict and judgment for the appellee, from which the appellant has duly perfected an appeal to this court.

There is but one assignment of error urged by appellant, and that is that the court erred in overruling the general demurrer to the appellee's petition. Under this assignment of error appellant contends that the petition is defective in that:

(a) It does not allege that the appellant had actual or constructive knowledge of the existence of the mortgage of appellee.

(b) That the court erred in admitting evidence, in the absence of proper allegations supporting it, on the question of such notice, and that this is fundamental error.

(c) That the allegation in paragraph seventh of plaintiff's petition that "Lamar Blunt, either for himself or as agent for Blount, Price & Co., and the defendant Blount, Price & Co., are now in the possession of the above described property, and are unlawfully withholding the same from this plaintiff, and are setting up some character of claim thereto," is not sufficient to charge a cause of action against Blount, Price & Co.

(d) That equity will not correct such mistakes as shown in the petition, because it affirmatively appears that the mistake and

oversight in failing to properly 'prepare the mortgage sought to be corrected was caused by the carelessness and inattention of the appellee.

[1] An inspection of the petition in this case shows sufficient allegations charging the execution and delivery of the note and mortgage by Joe McCoy to J. O. Payne, the maturity of the note, the existence of the mortgage lien, his failure and refusal to pay the debt in accordance with the terms of the contract, the mutual mistake in the execution of the written evidence of the lien, that the appellant was in the possession of the property covered by the mortgage, unlawfully withholding the same from the plaintiff, and prayed that the appellant be made a party for the purpose of determining whatever rights it had in the property, so that appellee might obtain any relief against it that the proof would warrant. This was all the pleader was required to do. Any matters which tended to defeat, qualify, or limit the rights of appellee, as set forth in the petition, are defensive matters, and it was incumbent upon the appellant to plead and prove them. The appellant was, in substance, charged by the petition with a conversion of the property covered by the mortgage. It was not necessary for the petition, under such circumstances, to have anticipated the defenses of appellant, and to have affirmatively pleaded facts which would have avoided them.

[2] It was not necessary for the petition to have charged the registration of the mortgage; for, as between the parties to that instrument, it was a valid and binding obligation, without registration.

[3] Equity will reform an instrument of the character in this suit in case of mutual mistake between the parties so as to make it express the true intent of the parties. Third parties cannot complain of the reformation, except that they show themselves to be subsequent lienholders or purchasers in good faith. This is matter of defense, and when such parties are joined in the suit to reform the original instrument, as was done in this case, and they are declared by the petition to be in possession of the property in controversy, and to be unlawfully withholding it from the plaintiff, to defeat a recovery they must plead and prove that they are in the protected class; that is, that they have a bona fide debt, which is secured by a lien on the same property, and that at the time of the execution of the lien they had no notice, actual or constructive, of the existence of the prior mortgage which it is sought to reform.

[4] The allegations in the petition as to the possession of the two mules by Blount, Price & Co. are sufficient as against the general demurrer. These allegations can have no other meaning than that appellant is in possession of the property and unlawfully withholding it against the superior rights of appellee, and that whatever claim it was asserting was subordinate to the claim or rights of the appellee.

On page 389 Mr. Townes, in his work on Texas Pleadings, states:

"It is also settled that it is not necessary, in a suit for personal property, to aver the fact constituting title. A general allegation that the plaintiff is the owner of the property and is entitled to the possession as against the defendant, or is entitled to damages for its injury or conversion, is all that is necessary."

See, also, 38 Cyc. 2065.

[5] Proposition (b) under this assignment of error, as above set out, is not germane to the assignment, and is therefore in violation of the rules. In this connection we will say there is no merit in the error complained of, and this assignment is therefore overruled.

An inspection of the record shows that appellant's answer elaborately denied all the allegations of the petition, and specifically set forth that it had no knowledge of the existence of the mortgage of appellee. The statement of facts shows this question to have been inquired into by the court. The defendant McCoy testified that before he executed the mortgage to Blount, Price & Co., appellant, he told an officer of that company about the existence of the mortgage to appellee, J. O. Payne, and that officer, in turn, testified that he went to the county clerk's office and found the exact mortgage herein sought to be reformed, and read it, and saw that it was indorsed on the outside as being a mortgage from Joe McCoy to J. O. Payne, although the body of the mortgage showed it to have been given to the bank.

[6] Under rule 62a (149 S. W. x), even though there should have been error in overruling the general demurrer, still such error was in no way, under the facts of this case, prejudicial to appellant, and the judgment should therefore, in any event, be affirmed; and it is so ordered.

⏝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes