**Jesse J. SWANSEY, Appellant,**

**v.**

**James H. LIGHTFOOT dba Industrial Fabricating Company, Appellee.**

**No. 482.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 31, 1969.

Rehearing Denied Jan. 29, 1970.

R. W. Cowart, Bay City, for appellant.

Bert Huebner, Harris, Huebner & Strickland, Bay City, for appellee.

## OPINION

NYE, Justice.

This is a suit brought by appellee to establish a debt arising out of an alleged contract for the fabrication and construction of a metal building on appellant's land. The trial was to the court without the intervention of a jury and resulted in judgment against appellant for the contract price, plus interest, from date of completion of the contract until judgment. The landowner-defendant has perfected his appeal.

The trial court's findings of fact and the undisputed evidence show that during the summer of 1964 the appellant contacted the appellee James H. Lightfoot, d/b/a Industrial Fabricating Company, regarding the fabrication and construction of a metal building on his property. The appellee's salesman negotiated a contract with the appellant which was ultimately reduced to writing and executed by both parties.

The trial court found that on or about October 9, 1964 the appellant executed the contract and made an unconditional delivery of the same to appellee's salesman with two minor handwritten changes agreed to by the parties. The appellant had difficulty in securing a financial commitment for the cost of the fabrication and construction of the metal building. Later, however, during the month of December 1964, the appellee erected the building in accordance with plans and specifications on appellant's land. The undisputed evidence was that

the bank learned of the erection of the building prior to the completion of the loan papers and refused to honor its financing commitment because the mechanics and materialmen's lien had not been perfected prior to the construction of the building.

The court concluded that the contract, duly executed by the parties, was fully performed by the appellee and that the appellant became bound and obligated to pay the sum of $5363.00 (the amount set forth in the contract) and such amount was a reasonable charge for the fabrication and construction of the building. The testimony was undisputed that the appellant received the building and was satisfied with its construction but refused to pay the appellee because as he argues, the appellee failed to obtain proper financing of the building.

Appellant in several points of error contends that the trial court erred in rendering judgment for the appellee because the building contract between the parties impliedly provided that the appellee would secure proper financing for the construction of the building. Appellant contends that his acceptance of the contract was conditioned upon proper financing; or that proper financing was a condition precedent to any liability on the part of the appellant. The appellant urges this Court to reverse the trial court and render judgment that the appellee take nothing, on the theory that the contract could not become effective until the appellee had secured the money necessary to pay for the building and unless he could obtain a valid mechanics and materialmen's lien to secure a bank loan. Neither the loan nor the lien ever materialized.

According to the evidence appellant's lot had some homestead characteristics and/or that the building when placed upon the property was the appellant's business homestead. It was developed that as a part of the contract, the appellant was to put down the concrete foundation preparatory to the erection of the building. In so doing, appellant placed into the concrete certain metal fasteners which were integral parts of the permanent structure. Although the appellant complains that the trial court erred in entering judgment recognizing a mechanics and materialmen's or constitutional lien, no such lien was ever requested by the appellee in his petition and the trial court did not render judgment establishing any lien whatsoever on appellant's land.

In a case which has been tried without a jury, the trial court's findings of fact have the same force and effect as a jury verdict on facts found. A Court of Civil Appeals should uphold the trial court's findings unless such findings are manifestly erroneous and are without any evidence of probative force to support them or they are so against the great weight and preponderance of the evidence as to be manifestly wrong. Dyer v. Caldcleugh & Powers, 392 S.W.2d 523 (Tex. Civ.App.—Corpus Christi 1965, n. r. e.); Kolbo v. Blair, 379 S.W.2d 125 (Tex.Civ. App.—Corpus Christi 1964, n. r. e.); See Woodward v. Ortiz, 150 Tex. 75, 237 S. W.2d 286 (1951).

We have carefully reviewed the entire record and find that there is ample evidence to support the trial court's findings. The parties entered into a valid and forcible contract which was fully and completely performed by all parties. The appellant admitted that the building was erected in a satisfactory manner. He admitted that he has had the complete use of the building and has rented it to tenants of his own choosing. He further admits that there was no dispute over the amount agreed upon for the erection of the building and that this amount has never been paid. His principal complaint that there was no lien against the property is not a valid complaint. The other basic contention that the appellee failed to obtain proper fi-

nancing has no basis in law to excuse him from any payment of the total amount due and owing, after the appellant accepted the fruits of the contract. The record reflects that after the building was completed by the appellee, the appellant himself again attempted to secure a proper mechanics and materialmen's lien to satisfy the bank in its loan requirements. Even though the bank ultimately refused to grant a loan to the appellant in order to pay appellee, this did not excuse appellant from his ultimate obligation to the appellee.

The appellant has waived his last point of error. All other points have been carefully considered and are overruled.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

 Appellant on motion for rehearing brings attention to the discrepancy between the original contract price of $5238.00, which was the amount entered in the trial court's judgment, and the amount stated in our opinion as the amount found by the trial court as due under the contract ($5363.00). The difference came about because of a $125.00 change order added to the original contract. Appellant states that the record discloses that the parties stipulated to the amount of $5238.00.

The trial court's findings, the contract in question, the stipulation of the parties, the statement of account due (introduced by the appellant) all come within the amount of $5238.00 finally awarded by the trial court as its judgment of the amount due and owing. We have made no attempt to modify this judgment.

Appellant's motion for rehearing is overruled.