**S & S WHOLESALE SUPPLY, INC., Appellant,**

v.

**LOS CEDROS, INC., Appellee.**

**No. 2129.**

Court of Appeals of Texas, Corpus Christi.

Jan. 28, 1982.

Frank J. Enriquez, McAllen, for appellant.

W. Michael Fisher, and Thomas Fleming, Brownsville, for appellee.

Before NYE, C. J. and UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

This is a plea of privilege case. Appellee, Los Cedros, Inc., a builder of residential apartments, brought suit against appellant, S & S Wholesale Supply, Inc. (Wholesale Supply), a wholesale plumbing supplier. Los Cedros filed suit in Cameron County, Texas, alleging a cause of action under the Deceptive Trade Practices Act. Wholesale Supply filed a plea of privilege to be sued in Hidalgo County. After a hearing the trial court denied Wholesale Supply's plea of privilege. Wholesale Supply appeals, asserting four points of error. We affirm.

This controversy arises as a result of certain plumbing supplies being provided by Wholesale Supply to Los Cedros for use in the construction of an apartment complex in Cameron County. In their first amended petition, Los Cedros alleges that the supplies did not conform to the order and were mislabeled such that Wholesale Supply's act or acts constitute a cause of action under Tex.Bus. & Com.Code Ann. § 17.46(b)(5) and (7) (Vernon Supp. 1980–1981) (Texas Deceptive Trade Practices Act). Suit was filed under Section 17.50 of that Act.

The applicable venue provision of the Texas Deceptive Trade Practices Act provides in pertinent part: "An action brought under Section 17.50 of this subchapter may be commenced in the county in which the Defendant or an authorized agent of the Defendant solicited the transaction made the subject of the action at bar." Tex.Bus. & Com.Code Ann. § 17.56 (Vernon Supp. 1980–1981).

■ The only point that we will discuss is Wholesale Supply's second point of error which asserts that there was no evidence to support the trial court's finding of fact relating to an October 19, 1979 meeting in Cameron County between Wholesale Supply and Los Cedros. Wholesale Supply also contends that there was no evidence to support the trial court's conclusion of law that the meeting took place for the purpose of 1) soliciting the transaction the subject of this suit, and 2) that venue was therefore proper in Cameron County. In a review of a trial court's judgment in which findings of fact and conclusions of law are filed, this Court will uphold the trial court's judgment unless such findings are manifestly erroneous and without any evidence of probative force to support them or they are so against the great weight and preponderance of the evidence as to be manifestly wrong. *Swansey v. Lightfoot*, 450 S.W.2d 755 (Tex.Civ.App. —Corpus Christi 1969, no writ); 4 R. Mc-Donald, Texas Civil Practice § 16.10(b) (rev. 1971). Where a "no evidence" point is asserted this Court will consider only that evidence favorable to the finding and the judgment rendered thereon and will disregard all evidence to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951).

The record on the hearing of Wholesale Supply's plea of privilege reflects that on direct examination, Contratto, President of Los Cedros, Inc., testified that there was a meeting on October 19, 1979, in Brownsville, Texas between him and Stakes, Vice President of Wholesale Supply. It is uncontroverted that as a result of a meeting in October certain supplies and materials were purchased from Wholesale Supply and eventually delivered by Wholesale Supply to Los Cedros in Brownsville, Texas. Stakes testified on cross-examination that he did not remember the exact date of the meeting but that it was "very possible" that the meeting took place on October 19, 1979. Furthermore, Stakes refused to deny that the meeting took place in Brownsville, Texas.

■ We find without merit Wholesale Supply's contention that all evidence concerning the October 19, 1979 meeting should have been stricken from the record. On direct examination, Contratto testified that the meeting occurred on October 19, 1979. On cross-examination, Contratto said he recalled the meeting but that the date was fixed by a letter which he had written and which was entered into evidence as appellant's exhibit number two. Wholesale Supply now contends that Contratto had no independent recollection of the meeting and therefore could not use the letter without it being qualified as one for refreshing memory or as a document of past recollection recorded. We disagree.

■ It is apparent from the testimony that Contratto had an independent recollection of the meeting. His use of the letter was for purposes of refreshing his present recollection. In present recollection refreshed, the witness has some recollection of the event or matter in question and, after being permitted to look at the memorandum, is able to speak from memory. R. Ray, Texas Law of Evidence § 541 (Texas Practice 3d ed. 1980).

Furthermore, we do not find this to be an evidentiary question but rather one that goes to the credibility of the witness. Since Contratto testified on direct examination that the meeting took place on October 19, 1979, testimony elicited on cross-examination as to his memory of that date can only serve to impeach his prior testimony.

■ On appellate review, this Court is not in a position to substitute its judgment for that of the trial court in viewing the credibility of the witnesses who testify at

trial. *Clark v. Brewer*, 498 S.W.2d 957 (Tex.Civ.App.—Corpus Christi 1973, no writ). We hold that there was evidence to support the trial court's findings of fact relating to the October 19, 1979 meeting and its conclusion of law that such meeting constituted solicitation for purposes of venue. Wholesale Supply's second point of error is overruled.

We have reviewed the entire record and do not find it necessary to address appellant's remaining three points of error.

Judgment affirmed.