Necati ALKAS, Ind., d/b/a Contract Design and J.M. Heaner, Appellants,

v.

UNITED SAVINGS ASSOCIATION OF TEXAS, INC. and Los Campeones, Inc., Appellees.

No. 13-83-063-CV.

Court of Appeals of Texas, Corpus Christi.

May 10, 1984.

Rehearing Denied May 31, 1984.

Keith M. Baker, San Antonio, W.D. Seyfried, III, Law Offices of William E. York, McAllen, for appellants.

Joel W. Cook, Houston, C. Fount Ray, Brownsville, for appellees.

Before KENNEDY, BISSETT and GONZALEZ, JJ.

## OPINION

KENNEDY, Justice.

This is an action to quiet title or in the alternative for reformation of a deed. Trial was to the court which granted the relief requested.

Prior to 1976, Valley International Properties (VIP) purchased several tracts of land, consolidated them and developed what is variously known as Valley Inn and Country Club or Valley International Country Club (VICC). Financing was provided by Brownsville Savings and Loan, predecessor to appellee United Savings. VIP and Brownsville Savings & Loan had many transactions, and there were several outstanding loans. VIP was having difficulty making some of its loan payments. A loan consolidation was negotiated. As a result of this consolidation, a deed of trust was prepared, Exhibit "A" to plaintiff's petition. This deed of trust covered 146.584 acres; however, two small tracts previously included in the security for the loans were omitted. The tennis courts and community postal boxes are described in Exhibit "B" to plaintiff's petition, and a part of the club house parking is described in Exhibit "C" to plaintiff's petition. Together, the two tracts amount to 2.1467 acres or 1.5% of the total acreage.

Subsequently, VIP continued to have financial problems, and on November 6, 1976, Brownsville Savings & Loan took possession of the property as mortgagee-in-possession. A petition in bankruptcy was filed, and, between December 7, 1976 and July 20, 1977, the property was in the hands of a receiver appointed by the Federal Court. The Federal Court returned possession to Brownsville Savings & Loan as mortgagee-in-possession.

VIP was also having difficulty paying its other creditors, and a number of abstracts of judgment were filed against it; among them were those of appellants Alkas and Heaner. Appellant Alkas' abstract was filed on November 17, 1976, and Heaner's on November 23, 1976.

On June 7, 1977, the property was sold at public sale by the trustee to appellant Los Campeones, Inc. with financing by Brownsville Savings & Loan.

In May of 1979, preparatory to another transaction, it was discovered that the field notes in the Deed of Trust of January 20, 1976 did not "close"; that is, the survey notes did not describe an enclosed piece of property; and that the two small tracts,

Exhibits "B" and "C," were omitted from the deed of trust. As a result of this discovery, the instant suit was instituted.

Plaintiffs (appellees) asked in their petition that title be quieted in them because the deed of trust was sufficient to cover the small tracts; or, in the alternative, plaintiffs plead that the omission was a scrivener's error or the result of mutual mistake and that the deed of trust should be reformed to include the small tracts. In the further alternative, plaintiff, United Savings, claims rights under an earlier deed of trust. VIP did not answer, and a default judgment was entered against them from which no appeal has been taken.

The trial court filed findings of fact, the substance of which is recited above. The trial court's conclusions of law were that (1) VIP was estopped from asserting title to the property; (2) the descriptions in the January 20, 1976 Deed of Trust was adequate to include the tracts in controversy; (3) the Deed of Trust, Notice of Trustee's Sale and Trustee's Deed should be reformed to include the tracts; (4) if the Notice of Sale and Deed are not subject to reformation, then the properties must be resold; (5) that appellants did not prove their abstracts of judgment were properly indexed and therefore have no lien on the tracts; and (6) judgment was properly rendered.

Appeal was perfected by Necati Alkas, Individually and d/b/a Contract Design and by J.M. Heaner. The appellants filed separate briefs in which Alkas raised thirty-eight points of error, and Heaner raises five points of error. Both appellants ask that this Court reverse and render judgment in their favor or, in the alternative, that the cause be remanded for a new trial.

■■■■ Both appellants raise no evidence or, in the alternative, insufficient evidence points regarding the findings of fact. No error is raised regarding findings of fact numbers 12, 15, 19 and 21; therefore, they are binding on this Court. *De la Fuente v. Home Savings,* 669 S.W.2d 137 (Tex.App.—Corpus Christi 1984, no writ); *Bilek v. Tupa,* 549 S.W.2d 217 (Tex.Civ.App.—Cor-

pus Christi 1977, writ ref'd n.r.e.). In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza,* 626 S.W.2d 120 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 361 (1960). In addition, in a nonjury case, the trial judge is the trier of fact, and it is his duty to decide issues of fact on the evidence, and he is not bound to adopt a party's contention as to the weight of the evidence. It is the court's right and duty to weigh the evidence and draw inferences and reasonable deductions therefrom. The court also had the duty to determine the credibility of the witnesses and the weight to be given their testimony in exactly the same manner as a jury would have done. *McDaniel v. Carruth,* 637 S.W.2d 498 (Tex.App.—Corpus Christi 1982, no writ).

■■■■ Appellant Alkas, by his points of error numbered one through thirty-two and thirty-four and thirty-five, raises both no evidence and insufficient evidence points regarding all of the findings of fact not mentioned above. We have carefully examined the record and find the evidence sufficient to support each and every finding of the trial court, except finding number 17 in that it states the defendants had notice of the deed of trust from January 20, 1976. The Deed of Trust was filed for record on January 26, 1976. The filing of an instrument is notice to all persons. TEX.REV.CIV.STAT.ANN. art. 6646 (Vernon 1969), *Repealed by* Property Code *effective* January 1, 1984. *See* TEX.PROP. CODE Sec. 13.002 (Vernon 1984). The Court of Appeals will uphold the findings of the trial court, unless such findings are manifestly wrong. *De la Fuente v. Home Savings,* No. 83-014 (Tex.App.—Corpus Christi, March 15, 1984, no writ) (not yet reported); *S & S Wholesale Supply, Inc. v. Los Cedros, Inc.,* 628 S.W.2d 493 (Tex.App.

—Corpus Christi 1982, no writ). The trial court's finding that the appellants had notice of the Deed of Trust from January 20, 1976, is manifestly wrong. We find that appellants had notice of the Deed of Trust from January 26, 1976. TEX.REV.CIV. STAT.ANN. art. 6646 (Vernon 1969) and therefore sustain this point of error, but find it harmless. TEX.R.CIV.P. 434.

Appellant Heaner, by his first point of error, complains of the sufficiency of the evidence to support the findings that the property was conveyed by the Deed of Trust or that the parties intended it to be conveyed. By his second point of error, appellant Heaner complains that there is insufficient evidence to support the finding that Heaner had notice of the claim to the property of Brownsville Savings & Loan.

 The principal issue in a suit to quiet title concerns the existence of a cloud on title that equity will remove. *Bibby v. Preston*, 555 S.W.2d 898 (Tex.Civ.App.— Tyler 1977, no writ). The primary requisite in a suit to quiet title is that the plaintiff must prove, and thereby recover on, the strength of his title and not on the weakness or invalidity of his adversary's title. In other words, to prevail, appellants must assert the right of VIP to the property and, based on that right, the validity of their liens. Therefore, until the validity of *appellees'* title is settled, the question of appellants' liens does not arise.

Plaintiff-appellee attempted to prove their title based on the Deed of Trust of January 20, 1976, by showing that the two small tracts are appurtenant to the described land; or by showing that there was a scrivener's error resulting in a mutual mistake so as to entitle them to a reformation of the instrument.

 Under certain circumstances, the courts will construe an instrument so as to include an adjacent small parcel of land in the conveyance of a larger tract. An instrument of conveyance is construed to include a small parcel because it is against public policy to leave title of a small parcel in a grantor conveying a larger tract ad-

joining or surrounding the small parcel. *Strayhorn v. Jones*, 157 Tex. 136, 300 S.W.2d 623 (1957). The reason for this policy is that the land is of *no benefit or importance to the grantor*. *Angelo v. Biscamp*, 441 S.W.2d 524 (Tex.1969) (emphasis added). In order to obtain this construction, the appellees needed to show that the tracts were small in comparison to the land conveyed; that they were adjacent to or surrounded by the land conveyed; that the title to the tracts were in the grantor at the time of the conveyance; and that the tracts were of no benefit or importance to the grantor. The findings of fact show that the title to the small tracts was in VIP at the time of the Deed of Trust; that the small tracts were used as a part of VICC; that VIP has made no claim to the tracts since the foreclosure; that tennis courts are closely tied to the tennis pro shop and office; and that the parking lot is closely tied to the clubhouse. We must presume any omitted facts in support of the judgment, when supported by the evidence. *First National Bank in Dallas v. Texas Federal Savings & Loan Association*, 628 S.W.2d 497 (Tex.App.—Texarkana 1982, writ ref'd n.r.e.). TEX.R.CIV.P. 299. In Pat Stanford's testimony, there is sufficient evidence of a close tie between the tennis pro shop and office and the courts; and of a close tie between the club house and parking lot, to imply a finding that the small tracts did not have an independent importance to the grantor. We will therefore presume this finding and uphold the trial court's conclusion that the small tracts were included in the Deed of Trust. Appellants' points of error regarding the inclusion of the tracts in the Deed of Trust are overruled.

 Appellants complain of the conclusion that appellees are entitled to reformation of the Deed of Trust, Trustee's Notice of Sale and Trustee's Deed. Appellees are entitled to the equitable remedy of reformation of their Deed of Trust upon proving that they had reached an agreement with VIP, but that the Deed of Trust did not reflect the true agreement. *Thalman v. Martin*, 635 S.W.2d 411 (Tex.1982).

However, the evidence of the mistake must be clear, exact and satisfactory in order to justify the reformation of the deed. *Pegues v. Dilworth,* 134 Tex. 169, 132 S.W.2d 582 (1939, Opinion adopted); *City of Brownsville v. Public Utility Commission,* 616 S.W.2d 402 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.). Plaintiffs' Exhibit No. 3, the Deed of Trust from VIP to the trustee for Brownsville Savings & Loan, dated January 20, 1976, contained in the property description a "busted survey." We hold that this in itself is clear and exact evidence of scrivener's error in reducing the agreement to writing sufficient to support the trial court's conclusions. *See Howland v. Hough,* 570 S.W.2d 876 (Tex. 1978) (obvious errors may be corrected by court); *Shotwell v. Morrow,* 498 S.W.2d 432 (Tex.Civ.App.—Eastland 1973, writ ref'd n.r.e.) (instrument may be reformed by subsequent survey). The parol evidence rule does not apply where it is alleged that by reason of mutual mistake an agreement does not express the real intention of the parties, and in such a case, extrinsic evidence is admissible to show what the real contract is. *Brinker v. Wobaco Trust Ltd.,* 610 S.W.2d 160 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.); *Louviere v. Powers,* 389 S.W.2d 333 (Tex.Civ.App.—Waco 1965, writ ref'd n.r.e.). We may therefore consider the testimony of John Thomas Pope to the effect that an error was made in reducing the agreement to writing and that the writing did not reflect the agreement. In addition, there is substantial evidence in support of the court's findings that the parties acted on the agreement as if it included the tracts of land in dispute. Pope's testimony and the documents introduced are both evidence of the mistake and of the actual intent of the parties to the Deed of Trust. A deed of trust is governed by the same rules of interpretation which apply to contracts. *Sonny Arnold, Inc. v. Sentry Savings Association,* 633 S.W.2d 811 (Tex.1982). Great, if not controlling, weight should be given by courts to the interpretation placed on an instrument of uncertain meaning by the parties themselves, and courts might fully assume that parties to an instrument are in the best position to know what was intended by language employed. *James Stewart & Co. v. Law,* 149 Tex. 392, 233 S.W.2d 558 (1950). *Gillman v. Phillips Petroleum Co.,* 601 S.W.2d 513 (Tex.Civ. App.—Amarillo 1980, no writ).

We therefore find that, based on the Deed of Trust, the testimony of Pope and the actions of the parties to the Deed of Trust, there was sufficient evidence to support the court's finding of an intention to include the two small tracts in question in the Deed of Trust, and, therefore, overrule appellants' points of error regarding reformation of the Deed of Trust.

Plaintiffs/Appellees also requested, and the trial court granted, reformation of the Notice of Trustee's Sale and the Trustee's Deed. The only reported case we could find addressing the issue of reformation of trustee's deeds is *Alfalfa Lumber Co. v. Mudgett,* 199 S.W. 337 (Tex.Civ.App. —Amarillo 1917, no writ), wherein it was held that upon the advertisement and sale of an entirely different property, to which the defendant in execution had no title whatever, the sheriff's deed could not be reformed and a new foreclosure and sale based on the Deed of Trust was required. *See also* 76 C.J.S. Reformation of Instruments, Sec. 93. However, we distinguish *Alfalfa* from the case before us. VIP in fact had title to the property at the time the deed of trust was given and there is uncontroverted evidence in the record which shows that Appellee, Los Campeones, was the only bidder at the trustee's sale. Therefore, we also overrule the points of error regarding the reformation of the Notice of Sale and Trustee's Deed to include the tracts shown as Exhibits "B" and "C" to plaintiffs' petition.

We conclude that appellees have good title to the tracts shown as Exhibits "B" and "C" to plaintiffs' petition, which good title relates back to January 20, 1976, the date of the Deed of Trust, at least between the parties to the Deed of Trust. 76 C.J.S. Reformation of Instruments, Sec.

93 (1952). We must now consider if this reformation cuts off the rights of the appellants. In Texas, the rights of third parties are subject to adjudication in a suit for reformation. "Third parties cannot complain of the reformation, except that they show themselves to be subsequent lienholders ... (however) they must plead and prove that they are in the protected class; that is, that they have a bona fide debt, which is secured by a lien on the same property, and that at the time of the execution of the lien they had no notice, actual or constructive, of the existence of the prior mortgage which is sought to reform." *Blount Price & Co. v. Payne*, 187 S.W. 990 (Tex.Civ.App.—Beaumont 1916, no writ).

Appellants assert that because the Deed of Trust description was inaccurate, the recording of that instrument did not provide appellants with notice of appellees' claiming. There has been a statute providing for recording of instruments to provide notice of ownership of land, since at least 1840. *See* TEX.REV.CIV.STAT. ANN. art. 6627 (Vernon 1969) *Repealed* by Property Code, *effective* January 1, 1984. However, it has long been the law that notice of title given by possession of property is equivalent to the notice that is afforded by the registration of the deed to such property. *Mainwarring v. Templeman*, 51 Tex. 205 (1879); *Wimberly v. Bailey*, 58 Tex. 222 (1882). *Bell v. Smith*, 532 S.W.2d 680 (Tex.Civ.App.—Fort Worth 1976, no writ). This rule has been applied to creditors. *Collum v. Sanger Bros.*, 82 S.W. 459 (Tex.1904); *Aldridge v. North East Independent School District*, 428 S.W.2d 447 (Tex.Civ.App.—San Antonio 1968, writ ref'd). The rule is applicable to holders of recorded judgments, even when the person in possession of the entire tract of land holds record title to only a portion of it. *Long Falls Realty Company v. Anchor Electric Co.*, 405 S.W.2d 170 (Tex.Civ. App.—Dallas 1966, no writ).

Since there is evidence of possession of the property by Brownsville Savings & Loan to support Finding of Fact No. 16 that the appellants had notice of the claims of Brownsville Savings & Loan and, in addition, evidence that each of the appellants had actual notice of those claims, we hold that the instruments in question are subject to reformation as to appellants. Appellants' judgment liens were therefore extinguished upon the foreclosure sale of the senior lien. *Richard H. Sikes, Inc. v. L & N Consultants, Inc.*, 586 S.W.2d 950 (Tex.Civ.App.—Waco 1979, writ ref'd n.r. e.). Appellants' points of error regarding reformation as to appellants are overruled.

Appellants also complain that the trial court erred in concluding that appellants do not have valid judgment liens because there is no evidence or insufficient evidence to rebut the presumption that the county official charged with indexing the appellants' abstract of judgment properly performed his duties.

Appellants correctly state the general proposition that it is presumed, in the absence of evidence to the contrary, that a public official properly performed his duty. *See e.g., Cooper v. Hall*, 489 S.W.2d 409 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). However, the courts of this State have held that the recording statutes governing judgment liens require that the *proponent* of the abstract of judgment produce evidence that it was properly indexed. TEX.REV.CIV.STAT. art. 5447, 5448, 5449 (Vernon 1958) *repealed by* Property Code, *effective* January 1, 1984. *Houston Investment Bankers Corp. v. First City Bank of Highland Village*, 640 S.W.2d 660 (Tex.App.—Houston [14th Dist.] 1982, no writ); *Day v. Day*, 610 S.W.2d 195 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.); *TPEA No. 5 Credit Union v. Solis*, 605 S.W.2d 381 (Tex.Civ.App.—Waco 1980, no writ). The common-law presumption that the public official has properly performed his duty is not applied to the indexing of judgment liens, because of the statutory requirement of proof of indexing. Appellants' points of error regarding proof of indexing of error are overruled.

Appellants complain that the trial court erred in refusing to permit them to re-open the evidence to present evidence of proper

indexing of the abstract of judgment and in denying the related motion for new trial.

Appellant Heaner's motion to re-open the evidence was filed on October 15, 1982; appellant Alkas' motion to re-open was filed on October 25, 1984, both prior to the final judgment on November 11, 1982. These motions are controlled by TEX.R. CIV.P. 270 [1] which at the time of the trial read in relevant part: "At any time the court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice."

▉▉▉▉ It is within the discretion of the trial court to re-open the evidence. *Kroger Co. v. Cellan,* 560 S.W.2d 505 (Tex.Civ. App.—Tyler 1977, writ ref'd n.r.e.); *Joe R. Starks Construction Co. v. G.A. Mallick, Inc.,* 425 S.W.2d 409 (Tex.Civ.App.—Fort Worth 1968, no writ). It has been held to be the duty of the trial court to grant a request to re-open where the proffered testimony is decisive, and its reception will not cause delay or do an injustice. *Hill v. Melton,* 311 S.W.2d 496 (Tex.Civ.App.— Dallas 1958, writ dism'd). However, in this case, the evidence would not be decisive, because, as noted above, appellees had proved good title which had cut-off appellees' judgment liens, even if they were in all respects perfected. Likewise, a motion for new trial is addressed to the discretion of the trial court, and the court's action thereon will not be disturbed on appeal in the absence of an abuse of discretion. *Southwest Plaza Apartments, Inc. v. Corpus Christi Brick & Lumber Co.,* 528 S.W.2d 885 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Neunhoffer v. State,* 440 S.W.2d 395 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.); *Joe R. Starks* at 413. TEX.R.CIV.P. 434.

The judgment of the trial court is AFFIRMED.

BISSETT, J., not participating.

1. Rule 270 was revised effective April 1, 1984, to read: "When it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered at any time; ..."