Carl E. COLLUM et al., Appellants,

v.

CITY OF ABILENE, Appellee.

No. 11–90–273–CV.

Court of Appeals of Texas,
Eastland.

Dec. 31, 1991.

Rehearing Denied Jan. 30, 1992.

B. Craig Deats, Van Os, Deats, Rubinett & Owen, Austin, for appellants.

Claudia Clinton, Harvey Cargill, Jr., Susan M. Yantis, City Attorney's Office, Abilene, for appellee.

McCLOUD, Chief Justice.

This is a suit by eight firemen of the City of Abilene to recover overtime pay.[1] The issue is whether the duties of the firemen, while assigned as inspectors in the fire prevention division, included "fighting fires." The jury found in favor of the City. The firemen appeal. We affirm.

The applicable statute, TEX.REV.CIV. STAT.ANN. art. 1269p, § 6, before its amendment provided in part:[2]

Provided further, that in any city having more than ten thousand (10,000) inhabitants, according to the last preceding Federal Census, the number of hours in the work week of *members of the fire department whose duties do not include fighting fires,* including but not limited to mechanics, clerks, investigators, inspectors, fire marshals, fire alarm dispatchers and maintenance men, *shall not exceed the number of hours in the normal work week of the majority of the employees of said city* other than firemen and policemen. (Emphasis added)

The parties stipulated that between 1984 and 1988 the City of Abilene had a population in excess of 10,000 and that at all times between 1984 and 1988 the majority of the City's employees, other than fire fighters and police officers, worked a normal work week of 40 hours.

The jury found in Question No. 1 that the firemen's duties "did include fighting fires." The firemen contend in their first point of error that they conclusively established that their duties did not include fighting fires. They urge in their second point of error that the jury's finding is against the great weight and preponderance of the evidence.

In reviewing the first point of error, we must consider only the evidence and reasonable inferences supporting the jury finding and disregard all contrary evidence and inferences. *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981). When reviewing the second point of error, we must consider and weigh all the evidence and set aside the finding if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cropper v. Caterpillar Tractor Company,* 754 S.W.2d 646 (Tex. 1988); *Cain v. Bain,* 709 S.W.2d 175 (Tex. 1986).

All of the firemen involved in this controversy were "Fire Lieutenants." While assigned as inspectors in the fire

1. Carl E. Collum, Henry Davila, Franklin Johnson, Herschel McCormick, Bobby D. Owen, Jeffery Parker, Larry Richards, and Phil Sissel.

2. Article 1269p has been repealed and is now found in TEX. LOCAL GOV'T CODE ANN. § 142.0015 (Vernon Supp.1992). The relevant time period in the instant suit is from June 22, 1984, to December 31, 1987. Article 1269p, § 6 was amended twice during the period that the firemen worked without overtime compensation. The amended versions of the statute are basically identical and do not affect the questions presented.

prevention division, they each worked shifts of 24 hours on duty and 48 hours off duty. This type of shift brought about an average 56–hour work week.

The Court in *Kierstead v. City of San Antonio*, 643 S.W.2d 118 (Tex.1982), stated:

> Art. 1269p, § 6 simply distinguishes between fire employees that fight fires and those that do not. Any kind of official work assignment that does not include firefighting and exceeds the regular 40 hour week is compensable as overtime.

The Fire Chief (Richard A. Knopf), the Assistant Fire Chief (Johnny Deloss Edwards), and the Assistant City Manager (Roy McDaniel) testified that, while the firemen were assigned as inspectors in the fire prevention division, their duties included fighting fires. A "General Order" issued by Chief Knopf required the "Fire Prevention Inspectors" to respond to fires. The inspectors, like district chiefs and their drivers, were allowed to take their meals away from the fire station if they so chose; however, like the district chiefs and drivers, the inspectors had to respond to an alarm even if it meant leaving their meals. The inspectors had lockers and beds at the fire station, and they were required to keep their protective clothing with them and stay in communication at all times by radio. The official job description for "Fire Lieutenant" included fire fighting duties. The job description for inspectors required inspectors to "[r]espond to all working fires." Because of the 24 hours on and 48 hours off shifts, the inspectors worked one-third of their time under the supervision of the Chief Inspector for fire prevention and two-thirds of their time under the supervision of a district chief in fire suppression.

Assistant Chief Edwards testified that he had seen Lieutenant Patrick Bechtel (an original plaintiff who did not appeal) and Lieutenant Dollman fighting fires while they were assigned as inspectors in the fire prevention division. Chief Knopf testified that he recalled "several incidents" where an inspector actually was participating in fire fighting. Chief Knopf testified that the district chief was in command at a fire scene and that, if the need arose, the inspectors would be required to fight the fire. The Chief stated that it was purely a discretionary matter with the district chief in command at the fire. When considering only the evidence supporting the jury's finding, we find some evidence to support the finding; and, therefore, we overrule the first point of error.

■ In considering all the evidence, there was evidence that the inspectors had never been told that their duties included fighting fires. There was also testimony from several of the inspectors that they had never been told by anyone in authority that their duties did not include fire fighting. Lieutenant Bechtel testified that he once voluntarily helped fight a fire and that, while he was changing a bottle on his air mask, Assistant Chief Edwards told him that it was not his job to fight fires. Assistant Chief Edwards testified that he did not tell Bechtel that it was not Bechtel's job to fight fires. There was evidence that, when the fire lieutenants were assigned as inspectors, they received an inspector's badge. Assistant Chief Edwards testified that such a badge only identified the firemen as to the "public" and did not mean that fire fighting was not among their duties.

The firemen presented evidence that, frequently after 6:00 p.m., they would inspect places of assembly such as theaters, bars, and night clubs. While they were required to respond to fires, the firemen showed that they did not use their siren or lights while responding in a staff car. They presented evidence that they only responded to fires to determine the cause. The firemen also presented evidence that, while assigned as inspectors, there was no "SCBA" (self-contained breathing apparatus) assigned to them. Assistant Chief Edwards testified that "SCBAs" were not assigned to individuals but were assigned to locations on the fire truck. He testified that the fire truck contained an extra SCBA. Several of the firemen testified that they had never fought a fire after becoming an inspector.

The job description of a "Fire Lieutenant" expressly provided that fire lieutenants could be assigned to "other AFD divisions for specific duties other than fire company supervision," and an example of "Duties" was that a fire lieutenant "[m]ay work as an inspector in the Fire Prevention Division." The job description for inspectors, while expressly requiring inspectors to respond to fires, did not expressly state that the inspectors were to fight fires.

Certainly, there was evidence that would have supported a jury finding that the inspector's duties did not include fighting fires. However, the jury found otherwise. This Court may not merely substitute its judgment for that of the jury. Pool v. Ford Motor Company, 715 S.W.2d 629 (Tex. 1986). After considering and weighing all of the evidence, we cannot say that the finding of the jury is against the great weight and preponderance of the evidence. The second point of error is overruled.

■ The firemen assert in their third point of error that the trial court erred in refusing to include in the charge their requested instruction. We disagree.

TEX.R.CIV.P. 277 directs the trial court to submit such instructions and definitions as shall be proper to enable the jury to render a verdict. The court submitted the following question:

### QUESTION NO. 1

Do you find from a preponderance of the evidence that the Plaintiffs were, during the period of time in issue, members of the fire department whose duties did not include fighting fires?

Answer by placing an X in the space by the one of the following statements which expresses your answer:

A. Their duties did not include fighting fires____

B. Their duties did include fighting fires____

The firemen requested the following instruction:

You are instructed that any kind of official work assignment that does not include fire fighting and exceeds the regular 40 hour week is compensable as overtime under TRCS Article 1269p, Section 6. If the Plaintiffs' "official work assignment" consisted of fire fighting and occasional inspection or investigation, no overtime would be due them. If the official work assignment meant being taken off fire fighting and put on inspection and/or investigation, then overtime would be due. Further, the Defendant may not assign token or insubstantial fire fighting duties to the Plaintiffs to avoid the thrust of the statute.

■ The trial court has considerable discretion in deciding what instructions are necessary and proper. Smith v. Smith, 720 S.W.2d 586 (Tex.App.—Houston [1st Dist.] 1986, no writ). If the meaning of a term used in a question is clear, no explanatory instruction is required. City of San Antonio v. Dunn, 796 S.W.2d 258 (Tex. App.—San Antonio 1990, writ den'd). The trial court tracked the statute and then asked the jury to determine if the duties of the firemen included fighting fires. No further instruction was needed. The instruction requested by the firemen improperly commented on the weight of the evidence and essentially included dicta found in various cases. The third point of error is overruled.

■ In their fourth point of error, the firemen urge that the trial court erred in admitting certain evidence. The City showed that the firemen, while serving as inspectors, received extra pay for certification as intermediate or advanced fire fighters. The firemen contend that such evidence was not relevant. We disagree. The issue was whether the duties of the firemen included fighting fires. The fact that the firemen were receiving supplemental pay pursuant to a statute authorizing certification pay to "fire fighters" who met certain requirements was relevant. See TEX.R.CIV.EVID. 401; TEX. LOCAL GOV'T CODE ANN. § 143.044(b) (Vernon 1988). The firemen were permitted to show that the fire fighter certification was based upon experience and completion of specific courses.

Also, we hold that the court properly admitted evidence showing that the firemen preferred the 24–hour shift to a standard 40–hour shift and that the firemen were able to earn outside income as a result of being off for 48 hours. The evidence was relevant on the issue of the firemen's motive in bringing the suit. None of the firemen ever complained or sought overtime pay until the City, because of budget problems, placed the inspectors on a regular 40–hour work schedule.

Moreover, if the admission of the challenged evidence was error, the error was harmless. We hold that the admission of the evidence, if error, was not such a denial of the rights of the firemen as was reasonably calculated to cause and which probably did cause the rendition of an improper judgment in the case. TEX. R.APP.P. 81(b)(1).

The fifth point of error, regarding the amount of back pay owed to each firemen, is conditioned on a finding of liability by the City. We have affirmed the jury finding that the City is not liable. The fifth point is overruled as moot.

The firemen complain in their sixth and seventh points of error that the trial court erred in refusing to submit a question to the jury concerning payment of attorney's fees and in refusing an award of attorney's fees. The error, if any, would be harmless since the firemen failed to establish their claim. *City of Houston v. Harris County Outdoor Advertising Association,* 732 S.W.2d 42 (Tex.App.—Houston [14th Dist.] 1987, no writ).

The judgment of the trial court is affirmed.