**In re Mary Lynn SLUSSER
and Richard A. Slusser.**

No. 04–04–00007–CV.

Court of Appeals of Texas,
San Antonio.

March 3, 2004.

Thomas S. Terrell, Kerrville, for appellant.

M. Patrick Maguire, Danford, Emerson & Maguire, P.L.L.C., Kerrville, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

In this mandamus proceeding we determine whether the trial court abused its discretion in disqualifying relators' attorney, Thomas Terrell. Mandamus is the appropriate procedure for review of orders granting or denying motions to disqualify counsel. *See In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex.2002) (per curiam) (orig. proceeding). A trial court's ruling on a motion to disqualify is reviewed for an abuse of discretion. *See Metropolitan Life Ins. Co. v. Syntek Fin. Corp.*, 881 S.W.2d 319, 321 (Tex.1994). When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for the trial court's judgment. *In re Nitla S.A. de C.V.*, 92 S.W.3d at 422. An appellate court may not set aside the trial court's finding unless it is clear from the record that the trial court could reach only one decision. *Id.*

## BACKGROUND

Lynn Slusser and Frances Wright are sisters; their deceased mother was Mary Dowdy. In 1999, Dowdy created a trust of which Slusser and Wright were the beneficiaries after Dowdy's death. Wright is the trustee. Also in 1999, Dowdy signed a deed conveying certain real property into the trust. On June 1, 2000, Dowdy amended the trust to name Wright the sole beneficiary of the property upon Dowdy's death. Dowdy died January 23, 2001.

On December 21, 2001, Wright, as trustee, executed a special warranty deed conveying the real property to herself, individually, and this deed was recorded January 7, 2002. On April 29, 2002, Slusser entered into a contingency fee contract with Terrell. On May 1, 2002, Slusser executed a deed on the property, granting an interest in the property to Terrell, as a contingency fee for his representation. This deed was recorded on May 7, 2002.

On May 9, 2002, Terrell filed suit on Slusser's behalf against Wright alleging, among other things, that Wright induced Dowdy to amend the trust in a manner that made Wright the sole beneficiary of the real property. Pursuant to a pretrial scheduling order, trial was set to commence on December 2, 2003. On October 30, 2003, Wright filed a motion to disqualify Terrell under Texas Disciplinary Rule 3.08. Following a hearing on the motion, the trial court signed an order on November 4, 2003 disqualifying Terrell.

On November 26, 2003, the deed in favor of Terrell was withdrawn, and the withdrawal was recorded the same day.

Relators filed their petition for writ of mandamus on January 7, 2004.

## DISQUALIFICATION: TERRELL AS A WITNESS

Texas Disciplinary Rule 3.08 provides as follows:

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case;

(4) the lawyer is a party to the action and is appearing pro se; or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure....

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a), (b), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. A (Vernon 1998) (TEX. BAR R. art. 10, § 9). Wright's motion to disqualify was filed pursuant to Rule 3.08, but it is not clear whether disqualification was sought or granted on the basis of subsection (a) or (b).

▮ Wright argues Terrell's testimony is necessary to establish Slusser's motivation for filing the lawsuit against her sister. She asserts this motivation is rele-

vant and a "controversial issue" in both Slusser's breach of fiduciary duty suit against Wright and in Wright's counter-claim against Slusser and Terrell to quiet title.[2] Wright's reliance on *Collum v. City of Abilene*, 840 S.W.2d 1 (Tex.App.-Eastland 1991, writ denied), for her argument is misplaced. In *Collum*, eight firemen sued to recover overtime pay. On appeal, the firemen asserted the trial court erred in admitting evidence that they preferred a twenty-four-hour shift to a standard forty-hour shift. The *Collum* court held that this evidence was relevant on the issue of the firemen's motive for bringing the suit because "[n]one of the firemen ever complained or sought overtime pay until the City, because of budget problems, placed the [firemen] on a regular 40–hour work schedule." *Id.* at 5. Therefore, the firemen's preference for the twenty-four-hour shift was relevant to their complaint about the standard forty-hour shift.

While a party's motivation for filing a lawsuit may be relevant in some cases, and in many cases may be "controversial," that is not the test under Rule 3.08. Subsection (a) requires that the testimony be necessary to "establish an essential element on behalf of the [testifying] lawyer's client." *See also In the Interest of A.M.*, 974 S.W.2d at 864 ("Under Rule 3.08, the moving party must present evidence that the testimony of the lawyer is 'necessary' and that it goes to an 'essential fact' of the nonmovant's case."). Subsection (b) requires that the testimony be "substantially adverse to the [testifying] lawyer's client." *See Olguin*, 931 S.W.2d at 611 (before disqualification is mandatory, lawyer's testimony must be required for the movant's defense).

■ Here, Slusser alleged Wright breached her fiduciary duties by failing to disclose to Slusser the amendment to the trust, self-dealing, conversion of trust funds, and failure to account for trust funds. Wright has failed to establish how Slusser's motivation for filing the lawsuit establishes "an essential element" of Slusser's breach of fiduciary suit. Therefore, Wright did not meet her burden under subsection (a) of establishing that Terrell's testimony was essential to Slusser. In Wright's suit to quiet title, Wright asserted Slusser had no ownership interest in the contested property. However, in a suit to quiet title, a plaintiff must base her action on the strength of her own title, and not the weakness of her opponent's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.-Corpus Christi 2001, no pet.); *Bibby v. Preston*, 555 S.W.2d 898, 901 (Tex.Civ.App.-Tyler 1977, no writ). Therefore, until the validity of Wright's title is settled, the question of Slusser's title does not arise. *See Alkas v. United Sav. Ass'n*, 672 S.W.2d 852, 857 (Tex.App.-Corpus Christi 1984, writ ref'd n.r.e.). Wright did not meet her burden of showing how Terrell's testimony is relevant to establishing the strength of her title to the property.

■ Finally, Wright's attorney never affirmatively and unequivocally stated he intends to call Terrell as a witness; he merely stated Terrell has "made himself a witness," Terrell is a "necessary witness," and he intends to "go into this at trial." Disqualification is inappropriate when opposing counsel does no more than merely announce an intention to call the attorney as a fact witness. *Id.* Comment 10 to the Rule states that "it should not be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of . . . her choice." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(b) cmt. 10. "[A] lawyer should not seek to disqualify

---

2. Terrell was non-suited from the suit to quiet    title on January 5, 2004.

an opposing lawyer by unnecessarily calling that lawyer as a witness." *Id.*

For these reasons, disqualification was improper under Rule 3.08.

## DISQUALIFICATION: TERRELL'S INTEREST IN PROPERTY

■ Wright also asserts disqualification is appropriate under Disciplinary Rule 1.08, which provides as follows:

> A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:
>
> (1) acquire a lien granted by law to secure the lawyer' fee or expenses; and
>
> (2) contract in a civil case with a client for a contingent fee that is permissible under Rule 1.04.

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.08(h).

■ Rule 1.08, a "conflict of interest" rule, clearly allows Terrell to acquire a lien on the property to secure his contingent fee. Wright provides no authority, and we could find none, for her argument that a deed to property for the purpose of securing a fee is a violation of this Rule that would require disqualification. While the disciplinary rules are not controlling as standards governing motions to disqualify, courts view the rules as guidelines that articulate considerations relevant to the merits of such motions. *Ayres v. Canales,* 790 S.W.2d 554, 556 n. 2 (Tex.1990, orig. proceeding) (discussing Rule 3.08). We are not persuaded that Rule 1.08 provides any guidance relevant to a party seeking to disqualify an opposing party's attorney.

## CONCLUSION

Accordingly, the writ is conditionally granted. TEX.R.APP. P. 52.8(c). The Honorable Emil Karl Prohl is ordered to withdraw his November 4, 2003 Order granting Wright's Motion to Disqualify Attorney. If he does not do so within ten days of this order, we will issue the writ.

All costs are assessed against the party who incurred them.