OPINION


No. 04-04-00007-CV


IN RE Mary Lynn SLUSSER and Richard A. Slusser

Original Mandamus Proceeding (1)



Opinion by: Sandee Bryan Marion, Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Sandee Bryan Marion, Justice 


Delivered and Filed: March 3, 2004 


PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

 

 In this mandamus proceeding we determine whether the trial court abused its discretion in
disqualifying relators' attorney, Thomas Terrell. Mandamus is the appropriate procedure for review
of orders granting or denying motions to disqualify counsel. See In re Nitla S.A. de C.V., 92 S.W.3d
419, 422 (Tex. 2002) (per curiam) (orig. proceeding). A trial court's ruling on a motion to disqualify
is reviewed for an abuse of discretion. See Metropolitan Life Ins. Co. v. Syntek Fin. Corp., 881
S.W.2d 319, 321 (Tex. 1994). When reviewing matters committed to a trial court's discretion, an
appellate court may not substitute its own judgment for the trial court's judgment. In re Nitla S.A.
de C.V., 92 S.W.3d at 422. An appellate court may not set aside the trial court's finding unless it is
clear from the record that the trial court could reach only one decision. Id. 

BACKGROUND

 Lynn Slusser and Frances Wright are sisters; their deceased mother was Mary Dowdy. In
1999, Dowdy created a trust of which Slusser and Wright were the beneficiaries after Dowdy's death.
Wright is the trustee. Also in 1999, Dowdy signed a deed conveying certain real property into the
trust. On June 1, 2000, Dowdy amended the trust to name Wright the sole beneficiary of the property
upon Dowdy's death. Dowdy died January 23, 2001.

 On December 21, 2001, Wright, as trustee, executed a special warranty deed conveying the real
property to herself, individually, and this deed was recorded January 7, 2002. On April 29, 2002,
Slusser entered into a contingency fee contract with Terrell. On May 1, 2002, Slusser executed a deed
on the property, granting an interest in the property to Terrell, as a contingency fee for his
representation. This deed was recorded on May 7, 2002.

 On May 9, 2002, Terrell filed suit on Slusser's behalf against Wright alleging, among other
things, that Wright induced Dowdy to amend the trust in a manner that made Wright the sole
beneficiary of the real property. Pursuant to a pretrial scheduling order, trial was set to commence on
December 2, 2003. On October 30, 2003, Wright filed a motion to disqualify Terrell under Texas
Disciplinary Rule 3.08. Following a hearing on the motion, the trial court signed an order on
November 4, 2003 disqualifying Terrell. 

 On November 26, 2003, the deed in favor of Terrell was withdrawn, and the withdrawal was
recorded the same day.

 Relators filed their petition for writ of mandamus on January 7, 2004.


DISQUALIFICATION: TERRELL AS A WITNESS

 Texas Disciplinary Rule 3.08 provides as follows:

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal
in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes
that the lawyer is or may be a witness necessary to establish an essential fact on behalf
of the lawyer's client, unless:


(1) the testimony relates to an uncontested issue;


(2) the testimony will relate solely to a matter of formality and there is
no reason to believe that substantial evidence will be offered in
opposition to the testimony;


(3) the testimony relates to the nature and value of legal services
rendered in the case;


(4) the lawyer is a party to the action and is appearing pro se; or


(5) the lawyer has promptly notified opposing counsel that the lawyer
expects to testify in the matter and disqualification of the lawyer would
work substantial hardship on the client.

 (b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding
if the lawyer believes that the lawyer will be compelled to furnish testimony that will
be substantially adverse to the lawyer's client, unless the client consents after full
disclosure. . . . . 

Tex. Disciplinary R. Prof'l Conduct 3.08(a), (b), reprinted in Tex. Gov't Code Ann. tit. 2, subtit.
G app. A (Vernon 1998) (Tex. Bar R. art. 10, § 9). Wright's motion to disqualify was filed pursuant
to Rule 3.08, but it is not clear whether disqualification was sought or granted on the basis of
subsection (a) or (b). 

 Wright argues Terrell's testimony is necessary to establish Slusser's motivation for filing the
lawsuit against her sister. She asserts this motivation is relevant and a "controversial issue" in both
Slusser's breach of fiduciary duty suit against Wright and in Wright's counterclaim against Slusser and
Terrell to quiet title. (2) Wright's reliance on Collum v. City of Abilene, 840 S.W.2d 1 (Tex.
App.--Eastland 1991, writ denied), for her argument is misplaced. In Collum, eight firemen sued to
recover overtime pay. On appeal, the firemen asserted the trial court erred in admitting evidence that
they preferred a twenty-four-hour shift to a standard forty-hour shift. The Collum court held that this
evidence was relevant on the issue of the firemen's motive for bringing the suit because "[n]one of the
firemen ever complained or sought overtime pay until the City, because of budget problems, placed
the [firemen] on a regular 40-hour work schedule." Id. at 5. Therefore, the firemen's preference for
the twenty-four-hour shift was relevant to their complaint about the standard forty-hour shift.

 While a party's motivation for filing a lawsuit may be relevant in some cases, and in many
cases may be "controversial," that is not the test under Rule 3.08. Subsection (a) requires that the
testimony be necessary to "establish an essential element on behalf of the [testifying] lawyer's client."
See also In the Interest of A.M., 974 S.W.2d at 864 ("Under Rule 3.08, the moving party must present
evidence that the testimony of the lawyer is 'necessary' and that it goes to an 'essential fact' of the
nonmovant's case."). Subsection (b) requires that the testimony be "substantially adverse to the
[testifying] lawyer's client." See Olguin, 931 S.W.2d at 611 (before disqualification is mandatory,
lawyer's testimony must be required for the movant's defense). 

 Here, Slusser alleged Wright breached her fiduciary duties by failing to disclose to Slusser the
amendment to the trust, self-dealing, conversion of trust funds, and failure to account for trust funds.
Wright has failed to establish how Slusser's motivation for filing the lawsuit establishes "an essential
element" of Slusser's breach of fiduciary suit. Therefore, Wright did not meet her burden under
subsection (a) of establishing that Terrell's testimony was essential to Slusser. In Wright's suit to quiet
title, Wright asserted Slusser had no ownership interest in the contested property. However, in a suit
to quiet title, a plaintiff must base her action on the strength of her own title, and not the weakness of
her opponent's title. Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.--Corpus Christi 2001, no
pet.); Bibby v. Preston, 555 S.W.2d 898, 901 (Tex. Civ. App.--Tyler 1977, no writ). Therefore, until
the validity of Wright's title is settled, the question of Slusser's title does not arise. See Alkas v. United
Sav. Ass'n, 672 S.W.2d 852, 857 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.). Wright did not
meet her burden of showing how Terrell's testimony is relevant to establishing the strength of her title
to the property.

 Finally, Wright's attorney never affirmatively and unequivocally stated he intends to call
Terrell as a witness; he merely stated Terrell has "made himself a witness," Terrell is a "necessary
witness," and he intends to "go into this at trial." Disqualification is inappropriate when opposing
counsel does no more than merely announce an intention to call the attorney as a fact witness. Id.
Comment 10 to the Rule states that "it should not be used as a tactical weapon to deprive the opposing
party of the right to be represented by the lawyer of . . . her choice." Tex. Disciplinary R. Prof'l
Conduct 3.08(b) cmt. 10. "[A] lawyer should not seek to disqualify an opposing lawyer by
unnecessarily calling that lawyer as a witness." Id. 

 For these reasons, disqualification was improper under Rule 3.08.

DISQUALIFICATION: TERRELL'S INTEREST IN PROPERTY

 Wright also asserts disqualification is appropriate under Disciplinary Rule 1.08, which
provides as follows:

A lawyer shall not acquire a proprietary interest in the cause of action or subject matter
of litigation the lawyer is conducting for a client, except that the lawyer may:


 (1) acquire a lien granted by law to secure the lawyer' fee or expenses; and

 (2) contract in a civil case with a client for a contingent fee that is permissible
under Rule 1.04.


Tex. Disciplinary R. Prof'l Conduct 1.08(h).

 Rule 1.08, a "conflict of interest" rule, clearly allows Terrell to acquire a lien on the property
to secure his contingent fee. Wright provides no authority, and we could find none, for her argument
that a deed to property for the purpose of securing a fee is a violation of this Rule that would require
disqualification. While the disciplinary rules are not controlling as standards governing motions to
disqualify, courts view the rules as guidelines that articulate considerations relevant to the merits of
such motions. Ayres v. Canales, 790 S.W.2d 554, 556 n. 2 (Tex. 1990, orig. proceeding) (discussing
Rule 3.08). We are not persuaded that Rule 1.08 provides any guidance relevant to a party seeking to
disqualify an opposing party's attorney.

CONCLUSION

 Accordingly, the writ is conditionally granted. Tex. R. App. P. 52.8(c). The Honorable Emil
Karl Prohl is ordered to withdraw his November 4, 2003 Order granting Wright's Motion to
Disqualify Attorney. If he does not do so within ten days of this order, we will issue the writ.

 All costs are assessed against the party who incurred them.


 Sandee Bryan Marion, Justice 

1. This proceeding arises out of Cause No. 02-291-B, styled Mary Lynn Slusser and Richard A. Slusser v. Frances
Ray Chapman Wright, filed in the 198th Judicial District Court, Kerr County, Texas. The Honorable Emil Karl Prohl
conducted the hearings and ruled on the motion that is the subject of this proceeding.
2. Terrell was non-suited from the suit to quiet title on January 5, 2004.