IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 12, 2010

## LENA MICHELLE SILVEY ROLEN v. CHARLES MARTIN WILSON

**Appeal from the Juvenile Court for Loudon County**
**No. 12822J     William H. Russell, Judge**

---

**No. E2010-00167-COA-R3-JV  - FILED JULY 27, 2010**

---

In 2008, Lena Michelle Silvey Rolen ("Mother") sued Charles Martin Wilson ("Father") alleging, in part, that Father had failed to pay child support as ordered. Father responded and filed a counter-claim seeking custody. After a trial, the Trial Court entered an order finding and holding, *inter alia*, that Father was in contempt for willful failure to pay child support as ordered, and that no material change in circumstances had occurred to justify a change in custody. Mother was awarded a judgment against Father for the child support arrearage, among other things. Father appeals to this Court. Because the record on appeal contains no transcript and no Tenn. R. App. P. 24(c) statement of the evidence, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Lindsey Lander, Lenoir City, Tennessee, for the appellant, Charles Martin Wilson.

Annie S. Duncan, Knoxville, Tennessee, for the appellee, Lena Michelle Silvey Rolen.

# MEMORANDUM OPINION[1]

In 1997, Father filed a petition against Mother seeking, among other things, to legitimate the two minor children born to the parties out of wedlock. An Order of Parentage was entered that, *inter alia*, legitimated the two minor children, awarded Mother custody with Father to have visitation, and ordered Father to pay child support. One of the parties' two minor children died in 2002. In 2003, Mother filed a wrongful death action on behalf of the deceased minor child. Father was not a party to the wrongful death lawsuit.

In August of 2008, Mother filed this suit now before us alleging that Father was in contempt, in part, for failing to pay child support as ordered. In October of 2008, the wrongful death action was settled. Mother filed a motion in the instant suit seeking leave to deposit Father's share of the wrongful death settlement into court pending the outcome of her suit for unpaid child support. The Trial Court allowed Mother leave to deposit the monies as requested.

This case was tried and the Trial Court entered its order on September 10, 2009 finding and holding, *inter alia*, that Father was in contempt for willfully failing to pay child support as ordered, and that no material change in circumstances had occurred to justify a change of custody. The Trial Court calculated the arrearage in child support taking into account the date of death of the one minor child, and awarded Mother a judgment for the child support arrearage plus interest, among other things.

Father appeals to this Court raising one issue regarding whether the Trial Court erred in granting Mother a judgment for unpaid child support without considering Father's alleged additional co-parenting time.

Our ability to address Father's challenge to the Trial Court's factual findings is severely hampered, if not completely eliminated, by the absence of either a transcript of the hearing or a Tenn. R. App. P. 24(c) statement of the evidence. Father had the duty "to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997) (quoting *State v. Boling,* 840 S.W.2d

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

944, 951 (Tenn. Crim. App. 1992)). "This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

Father argues on appeal that the Trial Court made factual errors. Father states in his brief on appeal that "[t]he parties' testimony [given at trial] agreed on some issues, and was vastly different on other issues." However, Father failed to prepare a record which would allow this Court to conduct a full review of the facts. Without such a record, we must assume that "the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Id.* We, therefore, affirm the Trial Court's September 10, 2009 order.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Charles Martin Wilson, and his surety.

_____
D. MICHAEL SWINEY, JUDGE